IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>  )<br>  Plaintiff,   )<br>  )<br>v.   )<br>  )   Case No. CR-75-109-D<br>AARON C. KELLY a/k/a   )<br>HARUN GHAFFAR,   )<br>  )<br>  Defendant.   ) | |

**ORDER**

Before the Court is Defendant's motion to reconsider the Court's Order [Doc. No. 34] denying Defendant's motion to appoint counsel to assist him in preparing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 35].

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider'." *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). However, "a district court always has the inherent power to reconsider its interlocutory rulings." *Warren v. Am. Bankers Ins. of Fla.*, 507 F.3d 1239, 1243 (10th Cir. 2007). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Upon consideration, the Court finds that Defendant's motion to reconsider does not provide grounds warranting a reversal of the Court's decision to deny Defendant's motion for appointment of counsel [Doc. No. 34]. As explained in the Court's previous Orders [Doc. Nos. 22, 34], there is no constitutional right to counsel beyond the direct appeal of a

1

conviction, and moving for compassionate release is not a particularly complex process. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994). And, where counsel is not required by the constitution, the decision to appoint counsel is a matter of judicial discretion. *See Engberg v. Wyoming*, 265 F.3d 1109, 1121-22 (10th Cir. 2001). "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

In this case, Defendant requests counsel to assist him in preparing a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a)(i). The Court reiterates that moving for compassionate release is not a complex process. More notable, however, is that Defendant does not appear to have a meritorious claim under § 3582(c)(1)(a)(i). Section 3582(c) applies only to defendants sentenced after November 1, 1987. *See United States v. Wilkins*, 426 F. App'x 443, 445-46 (6th Cir. 2011) (collecting cases). Because Defendant was sentenced prior to November 1, 1987, § 3582 does not apply to him. Accordingly, the Court declines to provide counsel to Defendant to move for relief under 18 U.S.C. § 3582(c)(1)(a)(i). *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quotation and citation omitted) ("The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel.").

**IT IS THEREFORE ORDERED** that Defendant's motion to reconsider [Doc. No. 35] is **DENIED**.

**IT IS SO ORDERED** this 2nd day of January, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge